Tsehainesh Asefa **TSEHAYE,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–72542.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Doreen A. Emenike, Law Offices of Doreen A. Emenike, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: T.G. NELSON, TALLMAN and BEA, Circuit Judges.

MEMORANDUM **

Tsehainesh A. Tsehaye, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and must uphold the IJ's decision unless the petitioner's evidence compels reversal. *Ali v. Ashcroft,* 394 F.3d 780, 784 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Tsehaye is not eligible for asylum because she failed to establish

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

an objectively reasonable fear of persecution by the Ethiopian government on account of her Eritrean heritage. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1073 (9th Cir.2004) (an alien satisfies the objective component of the test for persecution by presenting "credible, direct, and specific evidence . . . that persecution is a reasonable possibility") (internal quotation omitted).[1]

The record shows that Tsehaye has a traditionally Ethiopian name and a valid Ethiopian passport, does not speak a language that would necessarily identify her as Eritrean, and entered and exited Ethiopia on three occasions between 1993 and 2001 without suffering any adverse consequences. Moreover, a 2002 State Department report in the record indicates that forced detentions and deportations of Eritreans by the Ethiopian government ceased in June 2000. Accordingly, Tsehaye did not establish that her subjective fear of persecution was objectively reasonable. *See id.* Tsehaye's vague testimony that, during her last visit to Ethiopia in 2001, she believed she was being investigated by unspecified individuals does not compel a contrary conclusion. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (asylum applicant must show good reason to fear future persecution and cannot rely on speculation).[2]

Because Tsehaye failed to satisfy the lesser standard of proof required to establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc).

We lack jurisdiction to consider Tsehaye's contention that she is entitled to CAT relief because she did not raise this issue on appeal to the BIA and thus failed to exhaust administrative remedies. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

1. We reject Tsehaye's contention that the IJ erred by finding that she was required to present corroborating documentary evidence to support her testimony. The IJ did not find that such evidence was required, but rather determined that Tsehaye's evidence did not establish an objectively reasonable fear of persecution.

2. The record also supports the IJ's finding that Tsehaye would not necessarily have to disclose her Eritrean ancestry to the Ethiopian authorities, because Tsehaye did not present any evidence that she could be identified as having such ancestry. Contrary to Tsehaye's contention, the IJ did not find that she should hide the fact that her mother was born in Asmara, which is now part of Eritrea.

